IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| LYNN WHEELER | § | |
| v. | § | CIVIL ACTION NO. 2:14cv49 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has objected to the Magistrate Judge's conclusions that the ALJ's residual functional capacity finding and disability decision are supported by substantial evidence, the ALJ's credibility finding was not erroneous, and the ALJ's RFC finding was not erroneous.

In the sole argument raised in her objections, Plaintiff contends that the ALJ found at Step Three of the sequential evaluation that she had "moderate difficulties" with regard to concentration, persistence and pace, and the Magistrate Judge concluded that the ALJ had incorporated his findings with regard to her mental impairments into the RFC determination by limiting her to simple, unskilled, routine work with only occasional interaction with supervisors and co-workers. She contends that such a limitation does not address concentration, persistence or pace.

In Bordelon v. Astrue, 281 F.App'x 418, 2008 WL 2444470 (5th Cir., June 17, 2008), the ALJ found the claimant had the severe impairment of depression and placed limitations prohibiting her from heavy stress and limiting her public interaction. The claimant alleged the ALJ gave a defective Step Five hypothetical question because, *inter alia*, the question did not include "moderate limitations in concentration, persistence and pace" as found by a psychological consultant. The Fifth Circuit concluded that restrictions to rare public interaction, low stress

1

situations, and simple, one- to two-step instructions showed that the ALJ reasonably incorporated the claimant's moderate concentration, persistence and pace limitations such that the hypothetical question was proper.  *See also* Herrera v. Commissioner of Social Security, 406 F.App'x 899, 2010 WL 5421297 (5th Cir., December 30, 2010) (ALJ's RFC determination that claimant would be able to understand, remember and carry out routine step instructions and respond appropriately to supervisors and co-workers in jobs that do not require independent decision-making adequately incorporated moderate difficulties with regard to concentration, persistence or pace); Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) (hypothetical question concerning someone who is capable of performing simple, repetitive tasks adequately captures a claimant's deficiencies in concentration, persistence or pace).  Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which objection was made.  *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** that Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.  Finally, it is

**ORDERED** that any motion not previously ruled on is **DENIED**.

So Ordered and Signed on this

**Aug 21, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE